**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 COTTAGE-TTV,** *Plaintiff,* | § | |
| **v.** | § | **MO: 25-CV-00056-DC-RCG** |
| **BUCKY BURKE; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DOES 1 THROUGH 20, INCLUSIVE; AND UNITED STATES OF AMERICA,** *Defendants.* | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Plaintiff U.S. Bank National Association, not in its Individual Capacity, but Solely as Trustee for RMTP Trust, Series 2021 Cottage-TT-V's ("Plaintiff") Complaint filed February 6, 2025. (Doc. 1). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

On February 6, 2025, Plaintiff filed its Complaint against Defendants Bucky Burke; Does 1 through 20, inclusive; the Secretary of Housing and Urban Development; and the United States of America (collectively, "Defendants"). (Doc. 1). The Court has since issued multiple orders to show cause, advising Plaintiff that the 90-day service period has expired and that failure to respond may result in dismissal of the action against Defendants. (Docs. 13, 16, 17). In its most recent order, the Court cautioned that it "serves as a final warning." (Doc. 17 at 2). To date, Plaintiff has not served any Defendant.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiffs' inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). The Court cannot continue to ignore the repeated failure to comply with Rule 4(m). This case has remained on the Court's docket for more than a year without advancing to the threshold step of service of process. Despite multiple extensions, Plaintiffs have yet to serve a single Defendant. For the same reasons, the Court further recommends that the Complaint should be dismissed in the interest of judicial economy. The undersigned recommends that the Court should dismiss the Complaint without prejudice to allow Plaintiffs another opportunity to raise their claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41.

SIGNED this 10th day of July, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE